### Fraley v. Commonwealth.

(Decided March 19, 1929.)

ARTHUR C. JARVIS for appellant.

J. W. CAMMACK, Attorney General, and JAS. M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellant was indicted in February, 1928, and tried a month or two later on the charge of grand larceny. He was convicted and his punishment fixed at one year in the penitentiary.

He relies on several errors for a reversal, but the only one that is argued seriously in the brief is the alleged error that the verdict is not supported by the evidence. The prosecuting witness, Ward Thompson, lived near the Midland Trail in Carter county, and on a night in August, 1927, he heard a car stop near his house, and a short while thereafter he heard the car leave. When he arose the next morning, he discovered that 50 of his chickens had been stolen. Nearly all of the chickens were Rhode Island Reds, but there were two or three Plymouth Rocks in the flock. Mr. Thompson discovered that a car had been parked by the side of the road, and that the weeds had been mashed down, showing that something in the nature of a coop had rested on the weeds. He discovered a fresh automobile track which he traced to the Midland Trail, a distance of about one-fourth of a mile. He could tell when the car reached the Midland Trail that it went towards Ashland. He immediately went to Ashland, and upon inquiry he discovered that the appellant had sold to Pierce & Son, on that morning, a coop of chickens. The chickens had been turned into a lot with a large number of other chickens, but when Thompson examined the chickens in the lot, in his judgment he discovered his chickens with the others; but he could not be absolutely positive in his identification, except as to one old hen that he recognized by some peculiarity of her feathers. Pierce & Son bought this hen along with the other chickens, and while at the time they advised Thompson that they did not know the name of the man from whom they purchased them, they had taken the number of his automobile; and investigation disclosed

that the automobile belonged to appellant. The appellant resided in the same neighborhood with Thompson, and he had sold chickens before. He claimed that he got the chickens off of the farm of his father, and that the chickens he had previously sold likewise came from the farm of his father, except in one instance when he purchased chickens from a neighbor. He was corroborated by his father and mother and some of the neighbors in his statement that he took chickens from his father's farm on the trip that he made to Ashland when Thompson claims his chickens were stolen.

The evidence was sufficient to sustain the verdict of the jury. The chickens were stolen in the morning before daylight, and immediately after Thompson arose in the morning he followed the automobile which had carried away his chickens; he found chickens that appeared to be his, and among the number was one that he knew was his. If one old hen which he identified had been with the flock the night before and he found her with a large number of chickens the next day, it is not only reasonable to believe that the other 49 chickens went along with the old hen, but there is no other conclusion that could be reached without violence to the evidence and the circumstances.

The offense was proven, and the jury was lenient. It is argued that it was not proven that the offense was committed in Carter county, but counsel for appellant must have overlooked a part of the evidence; Thompson says it was committed in Carter county, and, even without his direct statement to that effect, there is sufficient evidence to show that the offense was committed in Carter county. It is shown that the chickens were stolen from his farm, and he testified that he lived about three miles east of the place where he was testifying. This court judicially knows that the circuit courts in Carter county are held at the county seat, and the court also judicially knows that three miles east of the county seat will not put the point at the end of the line outside of the county. The evidence was sufficient to show that the offense was committed in Carter county. Zimmerman v. Brooks, 118 Ky. 85, 80 S. W. 443, 25 Ky. Law Rep. 2284.

It is made to appear in the evidence that after the alleged offense was committed, the father of the appellant went to Thompson and agreed to pay him $100 for the chickens, of which sum he paid $70. Appellant's father claims that he was advised to settle with the prose-

cuting witness for the chickens and that the prosecution would not be instituted. He claims that he was so advised by the commonwealth's attorney and by another prominent lawyer who is now the circuit judge in the district. Evidently he was mistaken in the meaning of what was said to him. The commonwealth's attorney so states, as did the present circuit judge.

Questions of fact are for the jury, and if there is sufficient evidence to justify the submission of the issues to a jury, this court cannot reverse a case on the ground that the evidence does not support the verdict, unless it be that the verdict is so flagrantly against the weight of the evidence as to shock the conscience of the court at first blush. Such is not the case here. There was incompetent evidence offered by both sides at the trial, but there were no objections to any of it.

Judgment affirmed.